UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY LYNN SLUYTER,

        Plaintiff,　　　　　　　　　　　Civil Action No. 18-13938

vs.　　　　　　　　　　　　　　　　　　HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION & ORDER
(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 15), (2) ACCEPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 14), (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 10), (4) GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (Dkt. 13), (5) AND AFFIRMING THE ADMINISTRATIVE LAW JUDGE'S DECISION**

Plaintiff Tracy Lynn Sluyter appeals from the final determination of the Commissioner of Social Security that she is not entitled to Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. The matter was referred to Magistrate Judge David R. Grand for a Report and Recommendation ("R&R"). The parties filed cross-motions for summary judgment (Dkts. 10, 13), and Magistrate Judge Grand issued an R&R recommending that the Court grant the Commissioner's motion for summary judgment and deny Sluyter's motion for summary judgment (Dkt. 14). Sluyter filed objections to the R&R (Dkt. 15), and the Commissioner filed a response (Dkt. 16).

For the reasons that follow, the Court overrules Sluyter's objections and accepts the recommendation contained in the magistrate judge's R&R. The Commissioner's motion is granted, Sluyter's motion is denied, and the ALJ's decision is affirmed.

## I. LEGAL STANDARD

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this

Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

## II. ANALYSIS

In her motion for summary judgment, Sluyter argued that the ALJ failed to properly develop the administrative record given that Sluyter was not represented by counsel at the administrative hearing, and that a sentence six remand is appropriate in light of additional evidence. R&R at 8. The magistrate judge found that neither argument had merit.

As to the first argument, the magistrate judge found that Sluyter was capable of presenting an effective case at the administrative hearing, and that the ALJ had met her obligation of developing the administrative record. Id. at 9-10. The ALJ and Sluyter discussed her right to proceed in the administrative hearing with counsel, and that if Sluyter chose to proceed without counsel, that the ALJ would assist in obtaining additional medical records. Id. at 9-10. After Sluyter decided to proceed without counsel, the ALJ and Sluyter discussed providers from whom additional medical records could be obtained. Id. at 10. The ALJ ordered and obtained more than 800 additional pages of medical records. Id. Upon receipt of the additional medical records, the ALJ sent copies to Sluyter and informed her that she had the right to submit written comments or

2

questions concerning the evidence, submit additional records, or request an additional hearing for which the ALJ would issue subpoenas to require the attendance of witnesses and for the submission of additional records. Admin. Record at 567-584 (Dkt. 8-7). Sluyter chose not to take any of the actions detailed in the ALJ's letters.

As to Sluyter's second argument, the magistrate judge found that Sluyter had not shown good cause for not presenting additional evidence at the administrative hearing, and that she had failed to show how the additional evidence was material. R&R at 13-16 (citing <u>Willis v. Sec'y of Health & Human Servs.</u>, 727 F.2d 551, 554 (6th Cir. 1984)). Sluyter could not explain adequately why, for example, she had not submitted additional evidence that was available before the ALJ issued her opinion, even though she was given ample opportunity to do so. <u>Id.</u> at 14. Nor did Sluyter make any effort to explain the materiality of the additional evidence. <u>Id.</u> at 15.

In Sluyter's objections to the R&R, she makes the following two objections: (1) that the magistrate judge erred by finding that the ALJ's assurance to further develop the administrative record was not reversible error, and (2) that the magistrate judge erred for failing to recommend a sentence six remand in light of additional evidence. <u>See</u> Obj. at 2, 6-9. Sluyter's objections, however, are merely reiterations of her previous arguments. These general objections to the R&R are not valid objections.

"A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. <u>Watkins v. Tribley</u>, No. 09-CV-14990, 2011 WL 4445823, at *1 (E.D. Mich. Sept. 26, 2011) (citing <u>Howard v. Sec'y of Health and Human Servs.</u>, 932 F.2d 505, 508 (6th Cir. 1991) (explaining that asking district courts to duplicate the efforts of magistrate judges "wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act")).

3

Because Sluyter has not raised any valid objections, the Court will review the R&R for clear error. See Fed. R. Civ. P. 72, 1983 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); but see Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). On the face of the record, the Court finds no clear error and accepts the recommendation.

### III. CONCLUSION

For the above-stated reasons, the Court overrules Sluyter's objection (Dkt. 15) and accepts the recommendation contained in the magistrate judge's R&R (Dkt. 14). The Commissioner's motion for summary judgment (Dkt. 13) is granted, Sluyter's motion for summary judgment (Dkt. 10) is denied, and the ALJ's decision is affirmed.

SO ORDERED.

Dated: March 9, 2020  
   Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge